IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                  No. CR 04-1013 BB

ROBERT EARL SCOTT,

      Defendant.

COURT'S FINDINGS OF FACT
AND CONCLUSIONS OF LAW
IN SUPPORT OF
ORDER TO SUPPRESS

THIS MATTER is before the Court on the motion of Defendant, Robert Earl Scott, to suppress the handgun seized on or about October 9, 2002, and the Court having held a full evidentiary hearing and oral argument on May 18, 2005, and carefully reviewed the written submissions of counsel, will Grant the motion based on the following findings of fact and conclusions of law:

Findings of Fact

1.      On October 9, 2002, Albuquerque Police Department Officer L. Hoisington was "running plates" on vehicles and checking the owners for warrants on Central Avenue.  Driver and vehicle owner Brian Manquero had an outstanding misdemeanor warrant for a failure to appear.  Officer Hoisington also noted the vehicle's tag had expired.

2. **Officer Hoisington engaged his emergency lights and stopped the vehicle.  He then requested assistance.  Officer A. Zambrano was dispatched to the scene.**

3. **Officer Hoisington requested Mr. Manquero's driver's license, the vehicle registration, and proof of insurance.  Mr. Manquero told Officer Hoisington he did not have insurance and Officer Hoisington stated that he had a misdemeanor warrant.**

4. **Officer Hoisington then confirmed that the warrant for Mr. Manquero's arrest was still outstanding.  Officer Hoisington also determined that Mr. Manquero's driver's license had been suspended.**

5. **While Officer Hoisington was dealing with Mr. Manquero, Officer Zambrano went to the other side of the vehicle to talk to the Defendant, Robert Scott, who was a passenger.**

6. **Mr. Scott indicated he wanted to leave.**

7. **Mr. Manquero wanted Mr. Scott to take the car and Officer Zambrano asked Mr. Scott for his driver's license.  Defendant gave him a New Mexico identification card which Officer Zambrano ran for wants and warrants and determined Mr. Scott did have a valid New Mexico driver's license.**

8. **Since the vehicle lacked insurance, Officer Hoisington refused to release it.  Mr. Scott requested his identification back from Officer Hoisington who refused to return it saying he thought he had previously arrested Mr. Scott.**

9. **While Officer Zambrano was conversing with Mr. Scott, Officer Hoisington had arrested Mr. Manquero under the misdemeanor warrant and was patting him down in preparation for transport.  At this point, Officer Hoisington discovered a container on Mr. Manquero which the latter confessed contained crack cocaine.  Officer Hoisington then told Officer Zambrano to pat down Mr. Scott.**

10. **Officer Zambrano did not ask Mr. Scott for permission before he patted him down.**

11. **Mr. Scott's testimony he would not have voluntarily let Officer Zambrano search him was enhanced by his display of knowledge of his constitutional rights on the witness stand.  When the Assistant United States Attorney questioned Mr. Scott on his possession of a firearm, without prompting from counsel, he immediately invoked his Fifth Amendment rights.**

## Conclusions of Law

1. **Mr. Scott was unlawfully detained at the time Officer Zambrano refused to return his identification.  *United States v. McSwain*, 29 F.3d 558, 561 (10th Cir. 1994).**

2. **At the time Officer Zambrano refused to return Mr. Scott's identification, he lacked reasonable suspicion to detain him.  *United States v. Gonzalez-Lerma*, 14 F.3d 1479, 1483 (10th Cir. 1994).**

3. **In the absence of consent, a pat-down frisk may be conducted only if the officer has a reasonable belief that the detainee himself poses threat.** *Sibron v. New York*, **392 U.S. 40, 64 (1968);** *United States v. Wald*, **216 F.3d 1222 (10th Cir. 2000);** *United States v. Jaramillo*, **25 F.3d 1146, 1152-3 (2d Cir. 1994).**

4. **The gun was discovered as a result of an unconstitutional search and should be suppressed.** *United States v. Gregory*, **79 F.3d 973, 980 (10th Cir. 1996).**

*[signature]*

**BRUCE D. BLACK**
**United States District Judge**